**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TIMOTHY ROY EADY,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-478 (JR)** |
| | ) | |
| **WARDEN STEVEN A. SMITH,** | ) | |
| | ) | |
| **Respondent** | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO
PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits the following opposition to petitioner's <u>pro se</u> petition for a writ of habeas corpus, received in the Clerk's Office on March 14, 2007. The petition, which challenges the forfeiture of "street time" upon revocation of petitioner's parole, and the loss of "good time," should be denied summarily.

**<u>PROCEDURAL HISTORY</u>**

Petitioner is currently serving a parole violator sentence, originally imposed as an aggregate 12-year, 100-day sentence for distribution-of-cocaine and attempted-distribution-of-cocaine convictions, and a Bail Reform Act violation, in Nos. F-6412-92, F7661-93 and F-1152-92 (D.C. Superior Court). <u>See</u> Exhibit A hereto, Bureau of Prisons' sentence computation. Specifically, on September 23, 1993, petitioner received a 2 to 6-year prison sentence for distribution of cocaine, and, one week later, a 100-day consecutive jail sentence for his Bail Reform Act violation. <u>See</u> Exhibit B hereto, judgment and commitment orders. On June 1, 1994, the Superior Court imposed a consecutive 2 to 6-year sentence of incarceration for attempted distribution of cocaine. <u>See</u>

Exhibit C hereto, judgment and commitment order.  On May 6, 1996, petitioner was first released on parole from his aggregate 12-year, 100-day, with a sentence expiration date of June 11, 2005. See Exhibit D, parole certificate.

On January 16, 1998, the D.C. Board of Parole ("Board") revoked petitioner's parole for failing to report as directed, failing to report an arrest, and failing to comply with other conditions of parole.  See Exhibit E, notice of order.  The Board ordered petitioner immediately reparoled.  Id.; see also Exhibit F, certificate of parole.  On April 27, 1999, the Board again revoked petitioner's parole, for using illegal drugs, failing to obey all laws, and failing to comply with his parole officer's instructions.  See Exhibit G, notice of order.  The Board ordered that petitioner be considered for reparole by June 24, 2000.  Id.  The D.C. Department of Corrections then unofficially recomputed petitioner's sentence.  See Exhibit H, D.C. Department of Corrections' Face Sheet.  Petitioner was next placed in the custody of the Federal Bureau of Prisons ("BOP"), which further recomputed petitioner's sentence, resulting in an April 22, 2008 expiration date.  See Exhibit I, Bureau of Prisons' sentence computation, at p. 4.

On August 10, 2000, the U.S. Parole Commission ("Commission")[1] ordered petitioner's reparole on January 24, 2001, following the service of 22 months in custody.  See Exhibit J, notice of action.  The Commission later retarded petitioner's reparole date in light of an alleged escape attempt.  See Exhibit K, notice of action.  On December 5, 2001, the Commission reinstated petitioner's parole date, effective January 22, 2002.  See Exhibit L, notice of action.  Petitioner was

---

[1]    On August 5, 1998, the Commission assumed the responsibility of making parole-release determination for eligible D.C. Code offenders pursuant to D.C. Code § 24-131.  On August 5, 2000, the D.C. Board of Parole was abolished, and the Commission assumed the Board's remaining duties.  Id.

released under supervision on January 24, 2002, with a new sentence expiration date of February 17, 2008. See Exhibit M, parole certificate.

Prior to petitioner's sentence expiration date, the Commission revoked petitioner's parole again on January 30, 2003 for using dangerous and habit forming drugs, failing to report to a supervision officer, and failing to comply with drug-related special conditions of parole. See Exhibit N, notice of action. The Commission did not grant petitioner credit for the time he had spent on parole towards his sentence. Id. The Commission ultimately ordered petitioner's reparole effective October 27, 2003. See Exhibit O, notice of action. Petitioner was released into the community on that date, with a new sentence expiration date of December 4, 2008, reflecting the street time forfeiture. See Exhibit P, parole certificate.

On November 17, 2006, the Commission issued a violator warrant for petitioner's arrest for using illegal drugs, failing to submit to drug testing, and failing to report to a supervising officer. See Exhibit Q, warrant and warrant application. On February 26, 2007, the Commission offered petitioner an expedited revocation proposal, whereby he would waive an in-person hearing and accept a revocation, a reparole date of February 8, 2008, and forfeiture of street time. See Exhibit R, expedited revocation proposal and acceptance. On March 1, 2007, petitioner accepted the proposal and its terms. Id. at page 5. On March 15, 2007, the Commission memorialized the agreement in an official notice of action to petitioner. See Exhibit S.

## ARGUMENT

Petitioner (at 5-6) complains that his original 12-year, 100-day sentence has been extended because his street time was forfeited when his parole was revoked, and because the Commission took away (unspecified) good time too. These arguments have no merit.

1.  Statutory Framework

Section 24-221.01a ("Meritorious good time credit") of the D.C. Code provides:

> (a)    In the discretion of the Director of the Department of Corrections, a prisoner may be allowed meritorious good time credit for performing exceptionally meritorious service . . . .

> (b)    Meritorious good time credits authorized by this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.[2]

This "means that once the minimum sentence, less good time [credits], is served, an inmate is eligible for parole, and when the maximum sentence, less good time [credits], has been served, an inmate has reached his mandatory release date." Sanders v. U.S. Parole Comm'n, 2006 WL 473786,

---

[2]    Similarly, D.C. Code § 24-221.01 ("Education good time") provides:

> (a)    Every person whose conduct complies with institutional rules and who demonstrates a desire for self-improvement by successfully completing an academic or vocational program, including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month. These credits shall not be awarded until completion of the academic or vocational program.

> (b)    Educational good time credits authorized by the provisions of this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

*2 (D.D.C. Feb. 28. 2006) (citing D.C. Code § 24-221.01, <u>Murray v. Stempson</u>, 633 A.2d 48, 49-50

(D.C. 1993)).  In other words, the statute concerns "only . . . parole eligibility and mandatory parole

dates."  <u>Sanders</u>, 2006 WL 473786, *2.

Further, Section 24-406 ("Hearing after arrest; confinement in non-District institution") of

the D.C. Code states in relevant portion:

> (a)    When a prisoner has been retaken upon a warrant issued by the Board of
> Parole, he shall be given an opportunity to appear before the Board . . . .  If
> the order of parole shall be revoked, the prisoner, unless subsequently
> reparoled, shall serve the remainder of the sentence originally imposed less
> any commutation for good conduct which may be earned by him *after his
> return to custody.*  For the purpose of computing commutation for good
> conduct, the remainder of the sentence originally imposed shall be considered
> as a new sentence.  *The time a prisoner was on parole shall not be taken into
> account to diminish the time for which he was sentenced.*

(Emphasis added).

2.  <u>Discussion</u>

Where, as here, parole has been revoked, none of the time that a prisoner has spent on parole

can be credited to the service of his sentence.  <u>See</u> D.C. Code § 24-406(a); <u>United States Parole

Comm'n v. Noble</u>, 693 A.2d 1084, 1085 (D.C.1997), <u>op. adopted</u>, 711 A.2d 85 (D.C.1998) (<u>en banc</u>)

(D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); <u>Jones

v. Bureau of Prisons</u>, 2002 WL 31189792, *1 (D.C. Cir. 2002) (appellant cannot receive credit for

"street time" after his parole is revoked).  Therefore, the Commission did not err in forfeiting all of

the time the petitioner spent on parole -- "street time" -- upon his revocation and return to detention.

<u>Id.</u>

Petitioner's vague complaint that the Commission wrongly took away unspecified "good

time" also is meritless.  Petitioner appears to contend that good time credits accrued before his

release on parole carry over to his parole violator sentence, <u>viz.</u>, the sentence he received upon parole revocation.  There is, however, no carry over for good time credits.  <u>See</u> D.C. Code § 24-406(a) (upon revocation of parole, prisoner "shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him *after his return to custody*") (emphasis added); <u>Sanders</u>, 2006 WL 473786, *3 ("Since petitioner's parole was revoked, he must 'serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him *after his return to custody*'"; "[u]nder this statute [§ 24-406], petitioner is eligible for good-time credits for the time he is <u>now</u> serving on his parole revocation term") (quoting § 24-406(a); italics in original, underlining added); <u>see</u> <u>also</u> <u>Teachey v. Carver</u>, 736 A.2d 998, 1006 n.12 (D.C. 1999) (parole violator had "no valid claim for restoration of good time credits").[3]

---

[3]     <u>Cf.</u> 28 C.F.R. § 2.35(b) ("Once a[ federal] offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release") (pertaining to analogous federal parole statutes); <u>Booth v. United States</u>, 996 F.2d 1171, 1173 (11th Cir. 1993) ("all of Booth's good time credits were used up when he was released on parole[; t]hey were thus unavailable to reduce the sentence he received for his parole violation") (construing 28 C.F.R. § 2.35(b)); <u>Boniface v. Carlson</u>, 881 F.2d 669, 671 (9th Cir. 1989) (courts have "uniformly . . . held that good time . . . earned during the original incarceration does not survive a parole release and cannot be credited upon a parole violator's sentence") (construing § 2.35(b)); <u>Sorenson v. Daniels</u>, 364 F. Supp. 2d 1220, 1223 (D. Ore. 2005) ("good time credit gets an inmate 'out the door' and is used up on release") (citing <u>Boniface</u>, 881 F.2d at 671).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the petition be denied summarily. A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 451058

ROBERT D. OKUN
CHIEF, SPECIAL PROCEEDINGS DIVISION
D.C. Bar No. 457078

_____/s/ Thomas S. Rees_____
THOMAS S. REES
Assistant United States Attorney
D.C. Bar No. 358962
555 4th Street, N.W., Room 10-443
Washington, D.C. 20530
(202) 305-1845

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of this United States' Opposition To Petitioner's Petition

For A Writ Of Habeas Corpus, with exhibits, was served by first class U.S. mail, postage prepaid,

on this 25th day of May, 2007 as follows:

Mr. Timothy Eady
DC/DC # 241-088
Fed. Reg. # 0831-007
1901 "D" Street, S.E.
Washington, D.C. 20003

Office of the Attorney General
District of Columbia
John A. Wilson Bldg.
1350 Pennsylvania Avenue, N.W.
Suite 407
Washington, D.C. 20004

  /s/ Thomas S. Rees
Assistant United States Attorney

```
     PAR5B  540*23 *           SENTENCE MONITORING        *    03-19-2007
GE 001          *             COMPUTATION DATA            *    09:39:48
                              AS OF 03-19-2007

GNO..: 08381-007 NAME: EADY, TIMOTHY


3I NO..........: 787990NA6              DATE OF BIRTH:
RS1............: PHL/A-USPC HRG
NIT............: 4 NORTH                QUARTERS.....: D01-414U
ETAINERS.......: NO                     NOTIFICATIONS: NO


HE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
HE INMATE IS PROJECTED FOR RELEASE:  UNKNOWN

--------------------CURRENT JUDGMENT/WARRANT NO: 060 ----------------------

OURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
OCKET NUMBER..................: F6412-92/F1151-92
UDGE..........................: MITCHELL-RANKIN
ATE SENTENCED/PROBATION IMPOSED: 07-14-1992
ATE WARRANT ISSUED............: 11-17-2006
ATE WARRANT EXECUTED..........: 12-17-2006
ATE COMMITTED.................: 12-17-2006
OW COMMITTED..................: RETURN OF PAROLE VIOLATOR
ROBATION IMPOSED..............: NO
PECIAL PAROLE TERM............:


ESTITUTION...:  PROPERTY:  NO SERVICES:  NO        AMOUNT:  $00.00

--------------------CURRENT OBLIGATION NO: 010 ----------------------
FFENSE CODE....:  620
FF/CHG: 33-549, ATTEMPT DISTRIBUTION OF COCAINE AND BRA

SENTENCE PROCEDURE............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:  12 YEARS    100 DAYS
NEW SENTENCE IMPOSED..........:  1337 DAYS
BASIS FOR CHANGE..............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE...............: 12-01-1991
```

G0002        MORE PAGES TO FOLLOW . . .

GOVERNMENT EXHIBIT
A

```
I    PAR5B  540*23 *           SENTENCE MONITORING        *    03-19-2007
AGE 002          *            COMPUTATION DATA           *    09:39:48
                              AS OF 03-19-2007

EGNO..: 08381-007 NAME: EADY, TIMOTHY


- - - - - - - - - - - - - - - - - - -CURRENT COMPUTATION NO: 040 - - - - - - - - - - - - - - - - - - - - - - - - -

                           I N C O M P L E T E

OMPUTATION 040 WAS LAST UPDATED ON 02-16-2007 AT DSC

HE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
URRENT COMPUTATION 040: 060 010

ATE COMPUTATION BEGAN..........:
OTAL TERM IN EFFECT............:  1337 DAYS
ARLIEST DATE OF OFFENSE........: 12-01-1991

OTAL JAIL CREDIT TIME..........: 0
OTAL INOPERATIVE TIME..........: 0
TATUTORY GOOD TIME RATE........: 0
OTAL SGT POSSIBLE..............: 0
AROLE ELIGIBILITY..............: UNKNOWN
TATUTORY RELEASE DATE..........: UNKNOWN
WO THIRDS DATE.................: UNKNOWN
80 DAY DATE....................: UNKNOWN
XPIRATION FULL TERM DATE.......: UNKNOWN


EXT PAROLE HEARING DATE........: UNKNOWN
YPE OF HEARING.................: UNKNOWN


ROJECTED SATISFACTION DATE.....: UNKNOWN
ROJECTED SATISFACTION METHOD...: UNKNOWN


G0002      MORE PAGES TO FOLLOW . . .
```

```
I    PAR5B  540*23 *            SENTENCE MONITORING        *     03-19-2007
AGE 003           *            COMPUTATION DATA            *     09:39:48
                              AS OF 04-03-2006

EGNO..: 08381-007 NAME: EADY, TIMOTHY


BI NO...........: 787990NA6           DATE OF BIRTH:
RS1.............: PHL/A-USPC HRG
NIT.............: 4 NORTH              QUARTERS.....: D01-414U
ETAINERS........: NO                   NOTIFICATIONS: NO

RE-RELEASE PREPARATION DATE: 02-24-2006

HE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
HE INMATE WAS SCHEDULED FOR RELEASE:  04-03-2006 VIA PAROLE

--------------------PRIOR JUDGMENT/WARRANT NO: 050 ---------------------

OURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
OCKET NUMBER...................: F6412-92/F1151-92
UDGE...........................: MITCHELL-RANKIN
ATE SENTENCED/PROBATION IMPOSED: 07-14-1992
ATE WARRANT ISSUED.............: 12-16-2004
ATE WARRANT EXECUTED...........: 04-19-2005
ATE COMMITTED..................: 07-28-2005
OW COMMITTED...................: RETURN OF PAROLE VIOLATOR
ROBATION IMPOSED...............: NO
PECIAL PAROLE TERM.............:


ESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

REMARKS.......: F7661-93 ALSO INCLUDED.

--------------------PRIOR OBLIGATION NO: 010 ---------------------------
FFENSE CODE....: 620
FF/CHG: 33-549, ATTEMPT DISTRIBUTION OF COCAINE AND BRA

SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   12 YEARS    100 DAYS
NEW SENTENCE IMPOSED...........:  1732 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 12-01-1991




G0002     MORE PAGES TO FOLLOW . . .
```

```
H    PAR5B  540*23 *          SENTENCE MONITORING         *    03-19-2007
AGE 004         *             COMPUTATION DATA      *        09:39:48
                             AS OF 04-03-2006
```

EGNO..: 08381-007 NAME: EADY, TIMOTHY


-----------------------PRIOR COMPUTATION NO: 030 ------------------------

OMPUTATION 030 WAS LAST UPDATED ON 03-22-2006 AT DSC AUTOMATICALLY

HE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
RIOR COMPUTATION 030:   050 010

```
ATE COMPUTATION BEGAN..........: 04-19-2005
OTAL TERM IN EFFECT............: 1732 DAYS
OTAL TERM IN EFFECT CONVERTED..:    4 YEARS      8 MONTHS      27 DAYS
ARLIEST DATE OF OFFENSE........: 12-01-1991
```

```
AIL CREDIT.....................:    FROM DATE      THRU DATE
                                   03-05-2005     04-18-2005
```

```
OTAL JAIL CREDIT TIME..........: 45
OTAL INOPERATIVE TIME..........: 0
TATUTORY GOOD TIME RATE........: 7
OTAL SGT POSSIBLE..............: 398
AROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
TATUTORY RELEASE DATE..........: 10-28-2008
WO THIRDS DATE.................: N/A
.80 DAY DATE...................: N/A
XPIRATION FULL TERM DATE.......: 11-30-2009
```

```
AROLE EFFECTIVE................: 04-03-2006
AROLE EFF VERIFICATION DATE....: 12-29-2005
JEXT PAROLE HEARING DATE........: 06-00-2005
YPE OF HEARING.................: PAROLE PRE-RELEASE REC REV
```

```
CTUAL SATISFACTION DATE........: 04-03-2006
CTUAL SATISFACTION METHOD......: PAROLE
CTUAL SATISFACTION FACILITY....: CDC
CTUAL SATISFACTION KEYED BY....: WM
```

```
DAYS REMAINING.................: 1337
FINAL PUBLIC LAW DAYS..........: 0
```


G0002      MORE PAGES TO FOLLOW . . .

```
H    PAR5B  540*23 *              SENTENCE MONITORING            *    03-19-2007
AGE 005            *              COMPUTATION DATA           *      09:39:48
                                 AS OF 10-27-2003

EGNO..: 08381-007 NAME: EADY, TIMOTHY


BI NO..........: 787990NA6              DATE OF BIRTH:  ▓▓▓▓▓▓▓▓▓
RS1............: PHL/A-USPC HRG
NIT............: 4 NORTH                QUARTERS.....: D01-414U
ETAINERS.......: NO                     NOTIFICATIONS: NO

HE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
HE INMATE WAS SCHEDULED FOR RELEASE:  10-27-2003 VIA PAROLE

---------------------PRIOR JUDGMENT/WARRANT NO: 040 ---------------------

OURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
OCKET NUMBER..................: F6412-92/F1151-92
UDGE..........................: WESTBURY
ATE SENTENCED/PROBATION IMPOSED: 09-23-1993
ATE WARRANT ISSUED............: 09-12-2002
ATE WARRANT EXECUTED..........: 11-13-2002
ATE COMMITTED.................: 04-23-2003
OW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

 REMARKS.......: CASE F7661-93C IS ALSO INCLUDED IN THIS VIOLATION.

---------------------PRIOR OBLIGATION NO: 010 ---------------------
OFFENSE CODE....: 620
OFF/CHG: 33-549, ATTEMPT DISTRIBUTION OF COCAINE AND BRA
         (PAROLE VIOLATION)

SENTENCE PROCEDURE............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   12 YEARS    100 DAYS
NEW SENTENCE IMPOSED..........: 2214 DAYS
BASIS FOR CHANGE..............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE...............: 12-01-1991
```

G0002       MORE PAGES TO FOLLOW . . .

```
H    PAR5B  540*23 *          SENTENCE MONITORING        *    03-19-2007
AGE 006         *            COMPUTATION DATA           *    09:39:48
                             AS OF 10-27-2003
```

EGNO..: 08381-007 NAME: EADY, TIMOTHY


------------------------PRIOR COMPUTATION NO: 020 -------------------------

OMPUTATION 020 WAS LAST UPDATED ON 10-14-2003 AT CRO AUTOMATICALLY

HE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
RIOR COMPUTATION 020:  040 010

```
ATE COMPUTATION BEGAN..........: 11-13-2002
OTAL TERM IN EFFECT............: 2214 DAYS
OTAL TERM IN EFFECT CONVERTED..:    6 YEARS     22 DAYS
ARLIEST DATE OF OFFENSE........: 12-01-1991

OTAL JAIL CREDIT TIME..........: 0
OTAL INOPERATIVE TIME..........: 0
TATUTORY GOOD TIME RATE........: 8
OTAL SGT POSSIBLE..............: 581
AROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
TATUTORY RELEASE DATE..........: 05-03-2007
WO THIRDS DATE.................: N/A
80 DAY DATE....................: N/A
XPIRATION FULL TERM DATE.......: 12-04-2008

AROLE EFFECTIVE................: 10-27-2003
AROLE EFF VERIFICATION DATE....: 04-07-2003
EXT PAROLE HEARING DATE........: N/A
YPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 10-27-2003
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: PEN

DAYS REMAINING.................: 1865
FINAL PUBLIC LAW DAYS...........: 0
```

REMARKS.......: 10% DATE IS 09-24-2003.
               COMP RECERTIFIED BY DC RECORDS CENTER ON 10/15/2003.


G0002      MORE PAGES TO FOLLOW . . .

```
H    PAR5B  540*23 *              SENTENCE MONITORING           *      03-19-2007
AGE 007          *               COMPUTATION DATA               *      09:39:48
                                 AS OF 01-24-2002

EGNO..: 08381-007 NAME: EADY, TIMOTHY


BI NO...........: 787990NA6          DATE OF BIRTH:
RS1.............: PHL/A-USPC HRG
NIT.............: 4 NORTH             QUARTERS.....: D01-414U
ETAINERS........: NO                 NOTIFICATIONS: NO

HE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
HE INMATE WAS SCHEDULED FOR RELEASE:  01-24-2002 VIA PAROLE

---------------------PRIOR JUDGMENT/WARRANT NO: 010 ---------------------

OURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
OCKET NUMBER..................: F6412-92
UDGE..........................: WESTBURY
ATE SENTENCED/PROBATION IMPOSED: 09-23-1993
ATE WARRANT ISSUED............: 03-25-1999
ATE WARRANT EXECUTED..........: 03-25-1999
IOW COMMITTED.................: 11-15-1999
IOW COMMITTED.................: RETURN OF PAROLE VIOLATOR
ROBATION IMPOSED..............: NO
PECIAL PAROLE TERM............:


                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
JON-COMMITTED.:  $00.00         $00.00          $00.00        $20.00

RESTITUTION...:  PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

-----------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  620
OFF/CHG: 33-549, DISTRIBUTION OF COCAINE

SENTENCE PROCEDURE............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    6 DAYS
NEW SENTENCE IMPOSED..........: 3254 DAYS
BASIS FOR CHANGE..............: PAROLE VIOLATOR WARRANT EXEC
RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
DATE OF OFFENSE...............: 06-19-1992




5H
G0002      MORE PAGES TO FOLLOW . . .
```

```
1    PAR5B  540*23 *              SENTENCE MONITORING         *    03-19-2007
AGE 008          *              COMPUTATION DATA             *    09:39:48
                                AS OF 01-24-2002

EGNO..: 08381-007 NAME: EADY, TIMOTHY


-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

OURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
OCKET NUMBER...................: F7661-93C
UDGE...........................: ILLEGIBLE
ATE SENTENCED/PROBATION IMPOSED: 09-30-1993
ATE WARRANT ISSUED.............: 03-25-1999
ATE WARRANT EXECUTED...........: 03-25-1999
ATE COMMITTED..................: 11-15-1999
OW COMMITTED...................: RETURN OF PAROLE VIOLATOR
ROBATION IMPOSED...............: NO
PECIAL PAROLE TERM.............:


ESTITUTION...:  PROPERTY: NO  SERVICES: NO      AMOUNT:  $00.00

-----------------------PRIOR OBLIGATION NO: 010 -----------------------
FFENSE CODE....: 695
FF/CHG: BAIL REFORM ACT

SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:  100 DAYS
NEW SENTENCE IMPOSED...........: 3254 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
DATE OF OFFENSE................: 06-19-1992

REMARKS.......: TIE IS TOTAL OF ALL CASES.

-----------------------PRIOR JUDGMENT/WARRANT NO: 030 -----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F1152-92
JUDGE...........................: MICHAEL-RANKIN
DATE SENTENCED/PROBATION IMPOSED: 05-05-1994
DATE WARRANT ISSUED.............: 03-25-1999
DATE WARRANT EXECUTED...........: 03-25-1999
DATE COMMITTED..................: 11-15-1999
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
5H   PROBATION IMPOSED..............: NO



G0002      MORE PAGES TO FOLLOW . . .
```

H    PAR5B  540*23 *              SENTENCE MONITORING        *    03-19-2007
AGE 009          *               COMPUTATION DATA           *     09:39:48
                                 AS OF 01-24-2002

EGNO..: 08381-007 NAME: EADY, TIMOTHY


PECIAL PAROLE TERM.............:


                   FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
ION-COMMITTED.:    $00.00         $00.00          $00.00       $20.00

ESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

------------------------PRIOR OBLIGATION NO: 010 -------------------------
FFENSE CODE....:   620
FF/CHG: DISTRIBUTION OF COCAINE.

SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    6 YEARS
NEW SENTENCE IMPOSED...........: 3254 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
DATE OF OFFENSE................: 12-01-1991

------------------------PRIOR COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-24-2002 AT RIV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:    010 010, 020 010, 030 010

DATE COMPUTATION BEGAN..........: 03-25-1999
AGGREGATED SENTENCE PROCEDURE...: DC GTC ACT ADULT AGGREGATE SENTENCE
TOTAL TERM IN EFFECT............: 3254 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    8 YEARS      10 MONTHS      26 DAYS
EARLIEST DATE OF OFFENSE........: 12-01-1991

JAIL CREDIT....................:       FROM DATE      THRU DATE
                                       12-01-1991     12-01-1991
                                       06-19-1992     06-19-1992




G0002      MORE PAGES TO FOLLOW . . .

```
H    PAR5B  540*23 *              SENTENCE MONITORING           *    03-19-2007
AGE 010 OF 010 *                 COMPUTATION DATA          *      09:39:48
                                 AS OF 01-24-2002

EGNO..: 08381-007 NAME: EADY, TIMOTHY


OTAL JAIL CREDIT TIME..........: 2
OTAL INOPERATIVE TIME..........: 0
TATUTORY GOOD TIME RATE........: 8
OTAL SGT POSSIBLE..............: 854
AROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
TATUTORY RELEASE DATE..........: 10-16-2005
WO THIRDS DATE.................: N/A
80 DAY DATE....................: N/A
XPIRATION FULL TERM DATE.......: 02-17-2008

AROLE EFFECTIVE................: 01-24-2002
AROLE EFF VERIFICATION DATE....: 01-24-2002
EXT PAROLE HEARING DATE........: N/A
YPE OF HEARING.................: PAROLE EFFECTIVE

CTUAL SATISFACTION DATE........: 01-24-2002
CTUAL SATISFACTION METHOD......: PAROLE
CTUAL SATISFACTION FACILITY....: RIV
CTUAL SATISFACTION KEYED BY....: MPH

AYS REMAINING..................: 2215
FINAL PUBLIC LAW DAYS..........: 0

                INMATE RECEIVED FROM DCDOC. COMPUTATION ORIGINALLY COMPUTED BY
                DCOB AND REVIEWED AND/OR CORRECTED BY CRL. ON 1/8/01, PLACED
                ON ESC TECH N; CHARGES: ASSAULT & BATTERY & DISORDERLY CONDUCT
                IN THE CUSTODY OF WASH METRO P.D. 4/2/01, RECV'D DOCUMENTATION
                THAT ASSLT & BATTERY CHARGES WERE DISMISSED ON 3/07/01. /RLJ




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

241-088

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. _F 6412-92_

vs.

PDID No. _420918_

_Timothy R. Eady_  MOD 74

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _(B)_

_Distribution of Cocaine_

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

_2 years    to   6 years_

_* Drug treatment recommended *_

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☑ MANDATORY MINIMUM term does not apply. _deft meets addict exception_
☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.
☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].
☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

  _____

  ☐ Restitution of $_____ in monthly installments of $_____ beginning
  _____ (see reverse side for payment instructions). The Court
  will distribute monies to _____

  ☐ _____

Costs in the aggregate amount of $___ _200⁰⁰_ ___ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☑ have not been paid. _deduct from jail pay_

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_9/23/73_
Date

_Leonard Heis___
Judge

Certification by Clerk pursuant to Criminal Rule 32(d)

_9/23/93_

_Bisto_

GOVERNMENT EXHIBIT
B

51

CV

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**    241088
CJA

United States of America
~~District of Columbia~~

Case No.    F 1661-93 C

PDID No.    420-918

vs.

TIMOTHY R. EADY

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

BAIL REFORM ACT – MISD

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to    100 days

CONSECUTIVE

No PSI

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☒ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to

☒ DRUG TREATMENT AT CTF

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

Sept. 30, 1993
_____
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

Oct. 30, 1993
_____
Date

_____
Deputy Clerk



241088
DF

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. _F-1152-92_ Comply

vs.                          TP JAIL          PDID No. _420-918_

TIMOTHY R. EADY

## CORRECTED
## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
Count G - Attempt Distribution of Cocaine

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _reduced to_
Two (2) to Six (6) years consecutive to any other sentence being served.

CTF Recommended. Defendant to receive credit for time served.

_____ on

_____

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☒ MANDATORY MINIMUM term does not apply.
☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.
☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].
☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_20.00_ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☒ have not been paid. To be taken out of jail pay.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_June 1 of 1994_
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_6/2/94_
Date

_____
Deputy Clerk

GOVERNMENT
EXHIBIT
_C_

'95-16
(Revised 10/81)




# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE



DC BOARD OF PAROLE
OFC OF PLANNING & INFO

96 MAY -8 PM 4: 27

### ADULT
AP # 17119-96

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

Eady, Timothy _____ D.C.D.C. __241-088__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on ___May 6,_____, 19__96__, and that said person remain under

supervision within the limits of the ___Washington, Metro Area___ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until __June 11, 2005_____, 19XXXX; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

    This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

    Given under the hands and seal of the BOARD this ___17th_____ day

of __November_____, 19__95__.

The above-named was released on

the __6__ day of __M_____

_____                    _____

Administrator                              Director, Michael Green
                                           Parole Determination
                                           D.C. Board of Parole

A TRUE COPY
TEST

GOVERNMENT
EXHIBIT
D





# The Board of Parole

### *of the*

## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 241-088             **NAME** TIMOTHY R EADY

**DOB** ███████             **SSN** ████████        **LOCATION** OCCOQUAN FACILT

**DOCKET** H9801-0033        **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

> REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); GRANT
> REPAROLE IMMEDIATELY

Implementation of this Order shall include the following:
Special Conditions of Parole

> NARCOTICS SURVEILLANCE
> NARCOTICS ANONYMOUS
> OUTPATIENT DRUG PROGRAM
>
> **NO CONTACT WITH ANGEL POWELL**

Remarks:

> FAILED TO REPORT ARREST TO PO
> FAILED TO REPORT AS DIRECTED
> FAILED TO REPORT AS DIRECTED
> NONCOMPLIANCE: BOP INITIATIVE #1

01/16/1998
_____
Date

_____
Chairman
on behalf of the Board of Parole

NOA Date _1/20/98_ by _JUD_     Seal

[ Parole Determination File ]
YANCEY, V

**GOVERNMENT EXHIBIT**
*G*

FH
1-30-98

PB-16
(Revised 10/61)

 

## BOARD OF PAROLE
### DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

ADULT
API # 20567-98

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

__EADY, Timothy__ D.C.D.C. __241-088__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on __IMMEDIATLEY__, XXX, and that said person remain under

supervision within the limits of the __Washington   Metro Area__ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until __June 7, 2005__, XXXX; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this __16th__ day

of __January__, 19 98

The above-named was released on

the _____ day of _____, 19 _____

_____
Administrator


GOVERNMENT
EXHIBIT

 

# The Board of Parole

*of the*

# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC 241-088                    NAME  TIMOTHY R EADY

DOB                 SSN ███████        LOCATION  OCCOQUAN FACILT

DOCKET  H9904-0103         CONSIDERATION TYPE  H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

    REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
    CONSIDER FOR REPAROLE BY 06/24/2000

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

    COMPLETE SUBS. ABUSE PROG
    DOMESTIC VIOLENCE COUNSLEING

Remarks:

    FAILED TO OBEY ALL LAWS
    FAILED TO CARRY OUT PO INSTRUCTIONS
    ILLEG USED NARCOTIC DRUG
    ILLEG USED NARCOTIC DRUG

4/27/99

04/22/1999
_____
Date

                    Seal

NOA Date  4/29/99  by _____

1

_____
Chairman
on behalf of the Board of Parole

[ Parole Determina
BROWN, R

GOVERNMENT
EXHIBIT
G

ADP Form 19 DCDC-7-70

# DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

Date Prepared (Mo., Da., Yr.)
3-25-99

| DCDC Number | Name (Last, First, Middle) | | Race | Sex |
|---|---|---|---|---|
| 241088 | EADY, TIMOTHY | | B | M |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | 30 | | WASH, DC |

| | |
|---|---|
| Offense | D.C. PAROLE VIOLATOR |
| Case Number | DIST OF COCAINE BRA, ATT DIST COCAINE |
| Sentence (Yrs., Mos., Days) | OWS 3,319 DAYS |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 03-25-1999 |
| Full Term Date (Mo., Da., Yr.) | 04-24-2008 |
| Short Term / M.R. Date (Mo., Da., Yr.) | 12-04-2005 |
| Parole Eligibility Date (Mo., Da., Yr.) | PAROLE BOARD'S DISCRETION |
| Max. Supervision Date (Mo., Da., Yr.) | N/A |
| Statutory Good Time Rate / Month | 872 DAY |
| Plea | — |
| Committing Judge | — |
| Defense Attorney | — |
| Initialed By: | JLE |

## DETAINERS

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |
| | | |

## CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| | |

## REMARKS

PURSUANT TO U.S. PAROLE VS MATTHEW NOBLE

PAROLE VIOLATOR TERM CONVERTED 8 9 YRS 1 MO

This INMATE IS A D.C. PAROLE TURNAROUND

YELLOW COPY TO ADP

GOVERNMENT EXHIBIT H



```
·H    PARIS  540*23 *          SENTENCE MONITORING         *    06-07-2000
PAGE 001          *           COMPUTATION DATA            *    11:30:01
                              AS OF 06-07-2000

REGNO..: 08381-007 NAME: EADY, TIMOTHY


FBI NO...........: 787990NA6          DATE OF BIRTH:  ▓▓▓▓▓▓▓▓
ARS1.............: CRL/A-DES
UNIT.............:                     QUARTERS.....:
DETAINERS........: NO                  NOTIFICATIONS: NO


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-02-2005 VIA MAND REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -------------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F6412-92
JUDGE..........................: WESTBURY
DATE SENTENCED/PROBATION IMPOSED: 09-23-1993
DATE WARRANT ISSUED............: 03-25-1999
DATE WARRANT EXECUTED..........: 03-25-1999
DATE COMMITTED.................: 11-15-1999
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM...........:

                FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.: $00.00         $00.00          $00.00     $20.00


RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 620
OFF/CHG: 33-549, DISTRIBUTION OF COCAINE

 SENTENCE PROCEDURE.............: D.C. CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:    6 DAYS
 NEW SENTENCE IMPOSED...........: 3254 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
 DATE OF OFFENSE................: 06-19-1992








5H
G0002      MORE PAGES TO FOLLOW . . .
```



GOVERNMENT
EXHIBIT

 

```
5H    PAR1S  540*23 *          SENTENCE MONITORING        *    06-07-2000
PAGE 002           *          COMPUTATION DATA          *    11:30:01
                                AS OF 06-07-2000


REGNO..: 08381-007 NAME: EADY, TIMOTHY


-------------------CURRENT JUDGMENT/WARRANT NO: 020 -------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F7661-93C
JUDGE..........................: ILLEGIBLE
DATE SENTENCED/PROBATION IMPOSED: 09-30-1993
DATE WARRANT ISSUED............: 03-25-1999
DATE WARRANT EXECUTED..........: 03-25-1999
DATE COMMITTED.................: 11-15-1999
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...: PROPERTY: NO SERVICES: NO        AMOUNT: $00.00

-------------------CURRENT OBLIGATION NO: 010 -------------------
OFFENSE CODE....: 695
OFF/CHG: BAIL REFORM ACT

 SENTENCE PROCEDURE............: D.C. CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   100 DAYS
 NEW SENTENCE IMPOSED..........:  3254 DAYS
 BASIS FOR CHANGE..............: PAROLE VIOLATOR WARRANT EXEC
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
 DATE OF OFFENSE...............: N/A

 REMARKS.......: TIE IS TOTAL OF ALL CASES.

-------------------CURRENT JUDGMENT/WARRANT NO: 030 -------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F6412-92
JUDGE..........................: ILLEGIBLE
DATE SENTENCED/PROBATION IMPOSED: 06-01-1994
DATE WARRANT ISSUED............: 03-25-1999
DATE WARRANT EXECUTED..........: 03-25-1999
DATE COMMITTED.................: 11-15-1999
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
5H    PROBATION IMPOSED..............: NO



G0002      MORE PAGES TO FOLLOW . . .
```

 

```
5H    PAR1S  540*23 *          SENTENCE MONITORING        *      06-07-2000
PAGE 003         *             COMPUTATION DATA       *       11:30:01
                               AS OF 06-07-2000

REGNO..: 08381-007 NAME: EADY, TIMOTHY


SPECIAL PAROLE TERM.............:

                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:  $00.00         $00.00         $00.00        $20.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  620
OFF/CHG: DISTRIBUTION OF COCAINE.

  SENTENCE PROCEDURE.............: D.C. CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:    6 YEARS
  NEW SENTENCE IMPOSED...........: 3254 DAYS
  BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
  DATE OF OFFENSE................: 12-01-1991

-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-28-2000 AT CRL AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010, 030 010

DATE COMPUTATION BEGAN..........: 03-25-1999
TOTAL TERM IN EFFECT............: 3319 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    9 YEARS      1 MONTHS
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 50

JAIL CREDIT.....................: FROM DATE     THRU DATE
                                  12-01-1991    12-01-1991
                                  06-19-1992    06-19-1992




G0002       MORE PAGES TO FOLLOW . . .
```

 

```
5H    PAR1S  540*23 *          SENTENCE MONITORING        *      06-07-2000
PAGE 004 OF 004 *              COMPUTATION DATA           *    11:30:01
                               AS OF 06-07-2000

REGNO..: 08381-007 NAME: EADY, TIMOTHY


TOTAL JAIL CREDIT TIME.........: 2
TOTAL INOPERATIVE TIME.........: 0
STATUTORY GOOD TIME RATE.......: 8
TOTAL SGT POSSIBLE.............: 872
PAROLE ELIGIBILITY.............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE.........: 12-02-2005
TWO THIRDS DATE................: N/A
180 DAY DATE...................: 10-25-2007
EXPIRATION FULL TERM DATE......: 04-22-2008

NEXT PAROLE HEARING DATE.......: 06-00-2000
TYPE OF HEARING................: INITIAL


PROJECTED SATISFACTION DATE....: 12-02-2005
PROJECTED SATISFACTION METHOD..: MAND REL

REMARKS.......: INMATE RECEIVED FROM DCDOC. COMPUTATION ORIGINALLY COMPUTED BY
                DCOB AND REVIEWED AND/OR CORRECTED BY CRL BOP STAFF BASED ON
                INFORMATION IN INMATES OFFICIAL CENTRAL FILE. /RLJ
                JC ADDED DUE TO ORIG ARREST NOT AWARDED TOWARD PRIOR COMP.




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

  

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

Name: EADY, Timothy

Register Number: 08381-007

Institution: Raleigh CCM
Greensville Correctional Facility

DCDC No.: 241-088

---

In the case of the above-named, the following parole action was ordered:

Reparole effective after the service of 22 months (January 24, 2001), with CCC placement recommended prior to the parole date, and the highest level of supervision following your release to the community. It is requested that, prior to release on parole, the Court Services and Offender Supervision Agency (CSOSA) evaluate this subject for placement in the Blair House Residential Treatment Program. If it is determined that he is an appropriate candidate for this program, it is recommended that he be placed in this program for up to 120 days as part of the afore-mentioned special drug aftercare conditions. In addition, you shall be subject to Anger Management classes after release as instructed by your Supervision Officer.

**NOTE:** Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

**REASONS:**

Your parole violation behavior is rated as Category Two severity because it involved simple assault and administrative violations. Your salient factor score (SFS-98) is 5. You have been in confinement as a result of your behavior for a total of 15 months as of June 24, 2000. Guidelines established by the Commission for revocation behavior indicate a customary range of 12-16 months to be served for cases with a good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because the following circumstances are present. You were in custody 15 months at the time of your hearing and additional time is necessary for release planning purposes.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for your individual item points and explanation for the Salient Factor Score.

---

Date: August 10, 2000

Clerk: vab √øｔ

BOP-Raleigh CCM

Page 1 of 3

EADY.838

GOVERNMENT EXHIBIT



D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W.
Suite 2134
Washington, D.C. 20001

Warrant Management and Data Analysis
808 17th St., NW, Suite 820
Washington, DC 20006



: August 10, 2000                                    Clerk: vah

  BOP-Raleigh   CCM              Page 2 of 3              EADY.838

 

| Your | Pts | Item  Explanation | SALIENT  FACTOR  SCORE |
|------|-----|-------------------|------------------------|

1 . . . . **A - Prior convictions/adjudications** (adult or juvenile)
None = 3; One = 2; Two or three = 1; Four or more = 0

1 . . . . **B - Prior commitments** of more than thirty days (adult or juvenile)
None = 2; One or two = 1; Three or more = 0

3 . . . . **C - Age at commencement** of the current offense/prior commitments of more than thirty days (adult or juvenile)

0 . . . . **D - Recent commitment free period (three years)**
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0 . . . . **E - Probation/parole/confinement/escape** status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0 . . . . **F - Older offenders**
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0



| Points for SFS Item C | | | |
|------|------|------|------|
| Age | Prior Commitments | | |
| | 0-1 | 2-3 | 4-5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 18-19 | 0 | 0 | 0 |

Date: **August  10, 2000**

**BOP-Raleigh   CCM**          **Page  3 of 3**

Clerk:  vah

EADY.838

**U.S. Department of Justice**                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  Eady, Timothy                          Institution:  Baltimore  CCM

Register  Number:  08381-007                  DCDC  No.:  241-088

In  the  case  of  the  above  named  the  following  parole  action  was  ordered:

Reopen  and  retard  parole  effective  date  of January  24, 2001  and  schedule  for a  rescission  hearing  on the  next  available  docket  following  your  return  to a  Federal  Bureau  of Prisons  facility  after  completion  of an  in-person  disciplinary  infraction  hearing.

The  above  decision  is  **NOT APPEALABLE.**

The  purpose  of  a  rescission  hearing  ordered  by  the  U.S.  Parole  Commission  is  to  decide  whether  a deferral  of your  parole  date  is  warranted  based  on  the  charge(s)  listed  below.  At your  hearing,  you may  present  documentary  evidence  (including  written  statements  of witnesses)  in  mitigation  of your misconduct.

**REASONS:**

Your  release  date  is  being  retarded,  pursuant  to 28 C.F.R. 2.85  because  on January  8, 2001  you  were placed  on  technical  escape  status  after  being  arrested  by  D.C. Metropolitan  Police  for  Assault  & Battery  and  Drunk  & Disorderly  Conduct.

cc:      Williette  Copeland
         Parole  Supervision  Services
         D.C. Court  Services  and  Offender  Supervision
         300  Indiana  Avenue,  N.W.
         Suite  2010
         Washington   D.C. 20001

         Madie  Berry
         Assistant  Warden  of Programs
         D.C. Correctional  Treatment  Facility
         1901  E Street,  S.E.
         Washington,   D.C. 20003

GOVERNMENT
EXHIBIT
_k_

Date:  January   12, 2001                                   Clerk:

**BOP-Baltimore   CCM**              Page  1 of 1                   EADY1.083

 

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

Name: EADY, Timothy                                           DCDC No: 241-088

Register Number: 08381-007                    Institution: Rivers Correctional Institution

---

In the case of the above-named, the following parole action was ordered:

Reinstate parole grant of January 24, 2001. Parole effective (January 24, 2002). You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment. In addition, you shall participate in Anger Management Counseling as directed by your Supervision Officer.

**FINDINGS OF FACT**

The Commission makes no findings concerning the following charges:

Charge No. 1 - Domestic Violence/Simple Assault.

Basis: There is not sufficient evidence to make a preponderance finding that you committed a criminal Simple Assault.

**THE ABOVE DECISION IS NOT APPEALABLE.**

cc:     CSS Management Group
        Attn: Sharon Barnes-Durbin, SCSA
        300 Indiana Avenue, NW
        Second Floor, Suite 2149
        Washington, DC 20001

Date: December 5, 2001                                        Clerk: mdd

        BOP-Rivers Correctional Institution Page 1 of 1        EADY.838



JAN-25-2002  09:50AM  FROM-

T-494   P.005/010   F-623



S2 #02

## U.S. Department of Justice
## United States Parole Commission

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **EADY, Timothy, REG No. 08381-007, (DCDC No. 241-088)**, is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **January 24, 2002**, and that said prisoner is to reside within the District of Columbia and to remain within the limits of **the Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including **February 17, 2008**.

Given under the hands and the seal of the United States Parole Commission on **January 23, 2002**.

UNITED STATES PAROLE COMMISSION

*Steven M. Brunson*

By:  Steven M. Brunson, Case Analyst

Docket/Case Number: F6412-92
Initial Risk Category: SFS - 4
**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

*Timothy Eady*
Name

*241088*
DCDC No.

Witnessed:  *Kendra L Powell*
Name and Title

*1-24-02*
Date

The above-named person was released on the **24** day of **January**, 20 **02** with a total of **2215** days remaining to be served.

*Walt Barnes, AW-P*
Official Certifying Release

GOVERNMENT EXHIBIT
M

JAN-25-2002  09:51AM  FROM-                                                           T-494   P.006/010   F-623

This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

# CONDITIONS OF RELEASE

1. You shall go directly to the district named in the certificate (unless released to the custody of other authorities). Within three days after your release, you shall report to the supervision office named on the certificate. If in any emergency you are unable to get in touch with the supervision office, you shall communicate with the *United States Parole Commission, Chevy Chase, Maryland 20815-7286.*

2. If you are released to the custody of other authorities, and after release from the physical custody of such authorities, you are unable to report to the supervision office within three days, you shall report instead to the nearest U.S. Probation Officer.

3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

5. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

6. You shall not associate with persons who have a criminal record without the permission of your Supervision Officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8. You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit visits by your Supervision Officer to your residence and to your place of business or occupation. You shall permit confiscation by your Supervision Officer of any materials which the officer believes may constitute contraband in your possession and which he observes in plain view of your residence, place of business or occupation, vehicle(s), or on your person. The Commission may also, when a reasonable basis for so doing is presented, modify the conditions of parole to require you to permit the Supervision Officer to conduct searches and seizures of concealed contraband on your person, and in any building, vehicle, or other area under your control, at such times as the Supervision Officer shall decide.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by your Supervision Officer.

14. You shall cooperate fully with those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may be sufficient to cause your return to the institution.

15. You shall submit to the sanctions imposed by your Supervision Officer (within the limits established by the approved Schedule of Accountability Through Graduated Sanctions), if the Supervision Officer finds that you have tested positive for illegal drugs or that you have committed any non-criminal violation of the release conditions. Graduated sanctions may include community service, curfew with electronic monitoring, and/or a period of time in a community treatment center. Your failure to cooperate with a graduated sanction imposed by your Supervision Officer will subject you to the issuance of a summons or warrant by the Commission, and a revocation hearing at which you will be afforded the opportunity to contest the violation charge(s) upon which the sanction was based. If the Commission finds that you have violated parole as alleged, you will also be found to have violated this condition. In addition, the Commission may order the imposition of a graduated sanction at any time and issue a warrant or summons if it finds that you are a risk to the public safety or that you are not complying with this condition in good faith.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state (including the District of Columbia) sex offender registration agency as directed by your Supervision Officer. You are required to report for registration in any state (including the District of Columbia) in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with any law that applies to current or prior federal, state, or local convictions for sexual offenses, and in compliance with 42 U.S.C. § 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. § 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your Supervision Officer.

 
17.  You will provide a DNA sample if collection of such sample is authorized pursuant to § 3 of the DNA Analysis Backlog Elimination Act of 2000.

**You shall also abide by the below listed special condition(s) as indicated:**

In addition, you shall be subject to the Special Drug Aftercare Conditions which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and/or alcohol dependency, which may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

In addition, you shall participate in Anger Management Counseling as directed by your Supervision Officer.

The Parole Commission may add to, modify, or delete any condition of release at any time.

Information concerning a release under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.



U.S. Department of Justice                                      **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | |
|---|---|
| Name:  Eady, Timothy | Institution:  D.C. CTF |
| Register Number:  08381-007 | |
| DCDC No:  241-088 | Date:    January 30, 2003 |

In the case of the above-named, the following parole action was ordered:

### DC Local Revocation:

Revoke parole.  None of the time spent on parole shall be credited.

Defer release decision pending a subsequent hearing to consider Charge Number 4 law violations (Distribution of Heroin and Possession of Heroin).  The arresting officers to be subpoenaed to provide testimony and be available for cross-examination.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Basis:  Your admission to the examiner and urine specimens that tested positive for opiates according to the July 2, 2002 laboratory report and that is noted in CSO Jefferson's August 16, 2002 report.

Charge No. 2 - Violation of Special Condition (DAPS)

Basis:  Your admission to the examiner and information contained in Violation Report dated August 16, 2002 from CSO Ernestine Jefferson.

Charge No. 3 - Failure to Report to PO as Directed

Basis:  Your admission to the examiner and information contained in Violation Report dated August 16, 2002 from CSO Ernestine Jefferson.

The Commission defers making a finding concerning the following charges:

Charge No. 4 - Law Violation - (A) Distribution of Heroin, (B) Possession of Heroin.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.



GOVERNMENT
EXHIBIT

cc:   U.S. Marshals Service
District of Columbia - District Court
333 Constitution Avenue, N.W.
Room 7337
Washington, D.C. 20001
Attn: Warrant Squad

H. Labovitz
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

CSS Management Group
Attn: Sharon Barnes-Durbin, SCSA
300 Indiana Avenue, NW
Second Floor, Suite 2149
Washington, DC 20001

Case Manager Coordinator
D.C. CCM
Federal Bureau of Prisons
800 N. Capitol Street, N.W.
Suite 270
Washington, D.C. 20002

Karen Brown, SDUSM
U.S. Marshal Service
U.S. Courthouse 1106A
Third & Constitution Avenue, N.W.
Washington, DC 20001



U.S. Department of Justice                                     **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: EADY, Timothy                          Institution:  D.C. CTF
Register Number: 08381-007
DCDC No: 241-088                             Date:        April 7, 2003

---

In the case of the above-named, the following parole action was ordered:

### DC Local Revocation:

Re-parole effective (10-27-2003) after the service of 12 months.

NOTE:  Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission.  Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission makes no finding relative to the following charges:

CHARGE NO. 4:  (A) Distribution of Heroin; (B) Possession of Heroin

Basis:  Insufficient evidence.

### REASONS:

Your parole violation behavior has been rated as Category One severity because it involved administrative violation(s).  Your salient factor score is 2.  See the attached sheet for an explanation of your individual Salient Factor Score items.  The table at the bottom presents the points for Salient Factor Score Item C.  As of your hearing date of 03-19-2003, you have been in confinement as a result of your violation behavior for a total of 5 month(s).  Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release.  After review of all relevant factors and information, a departure from the guidelines at this consideration is not found warranted.

**GOVERNMENT
EXHIBIT**

---

The above decision is not appealable.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:  U.S. Marshals Service
     District of Columbia - District Court
     333 Constitution Avenue, N.W.
     Room 7337
     Washington, D.C. 20001
     Attn: Warrant Squad

     H. Labovitz
     Public Defender Service
     District of Columbia
     Special Proceedings Division
     633 Indiana Avenue, N.W.
     Washington, D.C. 20004

     CSS Management Group
     Attn: Sharon Barnes-Durbin, SCSA
     300 Indiana Avenue, NW
     Second Floor, Suite 2149
     Washington, DC 20001

     Case Manager Coordinator
     D.C. CCM
     Federal Bureau of Prisons
     800 N. Capitol Street, N.W.
     Suite 270
     Washington, D.C. 20002

     Karen Brown, SDUSM
     U.S. Marshal Service
     U.S. Courthouse 1106A
     Third & Constitution Avenue, N.W.
     Washington, DC 20001

---

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 2 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time. Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | | 0 |
| 0-19 | 0 | 0 | 0 |

**U.S. Department of Justice**
**United States Parole Commission**

### CERTIFICATE OF PAROLE
**District of Columbia Offender**

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that Eady, Timothy, Register No. 08381-007, (DCDC No. 241-088), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on October 27, 2003, and that said prisoner is to reside within the District of Columbia and to remain within the limits of the Washington, D.C. Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until midnight December 4, 2008.

Given under the hands and the seal of the United States Parole Commission on October 8, 2003.

UNITED STATES PAROLE COMMISSION

*Jo-ann L. Kelley*

By: Joann L. Kelley, Case Analyst

Docket/Case Number: F6412-92, F1151-92
Initial Risk Category: SFS - 2
Acknowledgement of Release Conditions:
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_____     _____
                        Name                                                    DCDC No.

Witnessed: _____
                        Name and Title                                          Date

The above-named person was released on the _____ day of _____, 20____ with a total of _____ days remaining to be served.

Queued: 10-09-2003 08:09:55 BOP-Hope Village CCC |


GOVERNMENT EXHIBIT

Official Certifying Release



Queued: 10-09-2003 08:09:55 BOP-Hope Village CCC |

This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the release may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1.  You shall go directly to the district named in the certificate (unless released to the custody of other authorities). Within three days after your release, you shall report to the supervision office named on the certificate. If in any emergency you are unable to get in touch with the supervision office, you shall communicate with the *United States Parole Commission, Chevy Chase, Maryland 20815-7286.*

2.  If you are released to the custody of other authorities, and after release from the physical custody of such authorities, you are unable to report to the supervision office within three days, you shall report instead to the nearest U.S. Probation Officer.

3.  You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4.  You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

5.  You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

6.  You shall not associate with persons who have a criminal record without the permission of your Supervision Officer.

7.  You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8.  You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9.  You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit visits by your Supervision Officer to your residence and to your place of business or occupation. You shall permit confiscation by your Supervision Officer of any materials which the officer believes may constitute contraband in your possession and which he observes in plain view of your residence, place of business or occupation, vehicle(s), or on your person. The Commission may also, when a reasonable basis for so doing is presented, modify the conditions of parole to require you to permit the Supervision Officer to conduct searches and seizures of concealed contraband on your person, and in any building, vehicle, or other area under your control, at such times as the Supervision Officer shall decide.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by your Supervision Officer.

14. You shall cooperate fully with those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may be sufficient to cause your return to the institution.

15. You shall submit to the sanctions imposed by your Supervision Officer (within the limits established by the approved Schedule of Accountability Through Graduated Sanctions), if the Supervision Officer finds that you have tested positive for illegal drugs or that you have committed any non-criminal violation of the release conditions. Graduated sanctions may include community service, curfew with electronic monitoring, and/or a



period of time in a community treatment center. Your failure to cooperate with a graduated sanction imposed by your Supervision Officer will subject you to the issuance of a summons or warrant by the Commission, and a revocation hearing at which you will be afforded the opportunity to contest the violation charge(s) upon which the sanction was based. If the Commission finds that you have violated parole as alleged, you will also be found to have violated this condition. In addition, the Commission may override the imposition of a graduated sanction at any time and issue a warrant or summons if it finds that you are a risk to the public safety or that you are not complying with this condition in good faith.

16.  If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state (including the District of Columbia) sex offender registration agency as directed by your Supervision Officer. You are required to report for registration in any state (including the District of Columbia) in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with any law that applies to current or prior federal, state, or local convictions for sexual offenses, and in compliance with 42 U.S.C. 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your Supervision Officer.

17.  You will provide a DNA sample if collection of such sample is authorized pursuant to 3 of the DNA Analysis Backlog Elimination Act of 2000.

**You shall also abide by the below listed special condition(s) as indicated:**

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

Information concerning a release under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular release if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a release may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

Queued: 10-09-2003 08:09:55 BOP-Hope Village CCC |

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

---

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Eady, Timothy, Reg. No. 08381-007, DCDC No. 241-088, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 Years 100 Days (Original); 1732 Days (PV Term) for the crime of Attempted Distribution of Cocaine, Bail Reform Act and was on 4-3-2006 released on parole from D.C. CCM with 1337 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on November 17, 2006

U.S. Parole Commissioner

GOVERNMENT
EXHIBIT

**Eady, Timothy**
**Reg. No. 08381-007    DCDC No. 241-088**

 

**WARRANT For Return Of Prisoner Released To Supervision**

Name: Eady, Timothy                          Institution: DC CCM
Reg. No. 08381-007                           DCDC No. ~~241-005~~

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _____ _COL_ _____ ss:

Received this writ the _17 th_ day of _NOV_, 20_06_ and executed same by arresting the within-named _TIMOTHY EADLY_ this _17 Th_ day of _DEC_, 20_06_ at _2pm_ and committing him to _DC JAIL_

_George Walsh_
**U.S. Marshal**

_Barry Brookshaw_
**Deputy Marshall**

Further executed same by committing him to _____
at _____ on _____, 20_____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
**U.S. Marshal**

_____
**Deputy Marshal**

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _NOV 17, 2006_

_Timothy Eady_                              _Dec 11, 2006_
**Prisoner's Signature**                        **Date**

*(If prisoner refuses to sign, Marshal should so indicate.)*

Eady, Timothy
Reg. No. 08381-007



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ............................. **Eady, Timothy**

Reg. No ......................... **08381-007**
DCDC No. ..................... **241-088**
FBI No ........................... **787 990 NA6**
Birth Date .....................
Race .............................. **Black**

Date .......................................... **November 17, 2006**
Termination of Supervision ..... **11-30-2009**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date .......................... **4-7-2006**
Released .................................. **4-3-2006**

Sentence Length ............ **12 Years 100 Days (Original); 1732 Days (PV Term)**
Original Offense ............ **Attempted Distribution of Cocaine, Bail Reform Act**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:
Opiates on 4-7, 4-20, 4-27, 5-2, 7-25, 7-27, 8-1-06
This charge is based on the information contained in the violation report dated 9-22-06 from supervising officer Shrita Kaymore and corresponding drug report.
**I ADMIT [   ] or DENY [   ] this charge.**



**Charge No. 2 - Failure to Submit to Drug Testing**. The releasee failed to submit urine specimens on 5-4, 5-9, 7-18, 8-3, 8-8, 9-5, 9-7-06. This charge is based on the information contained in the violation report dated 9-22-06 from supervising officer Shrita Kaymore.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 3 - Failure to Report to Supervising Officer as Directed**. The releasee failed to report to the supervising officer on 8-17, 8-21, 9-12, 9-19-06 as directed and has thereafter failed to make himself available for supervision. This charge is based on the information contained in the violation report dated 9-22-06 from supervising officer Shrita Kaymore.
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**                    Warrant Recommended By:

Warrant Issued................... **November 17, 2006**        Jordana Randall, Case Analyst
                                                              U.S. Parole Commission

**Community Supervision Office Requesting Warrant: SAINT/HIDTA-Team 33, 300 Indiana Avenue**

---

**Eady, Timothy**
**Reg. No. 08381-007    DCDC No. 241-088**

  

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301) 492-5821*
*Facsimile :(301) 492-5525*

Date: February 26, 2007

Ms. McAroy-Gray
Staff Attorney
Public Defender Services

Re:    **EADY, TIMOTHY**
       **Reg. No:  08381-007**
       **DCDC No:  241-088**

Dear Ms. McAroy-Gray

I have enclosed an expedited revocation proposal for the above-named releasee. This expedited revocation procedure allows the releasee to waive an in-person revocation hearing, accept responsibility for the violation behavior, and be provided a decision on the record. If the releasee accepts, the Commission will promptly issue a Notice of Action and arrange for the releasee to be transferred to a designated facility for service of the violation term. If the releasee declines, the Commission will arrange an in-person hearing under regular procedures.

Please review the attached proposal with the releasee and then fax the signed <u>Response to Expedited Revocation Proposal</u> to my attention at  (240) 437-0256.

**Note:** The signed <u>Response to Expedited Revocation Proposal</u> must be received by the Commission either **(1) Within 14 days of the date of this letter or; (2) If a hearing is already scheduled within 14 days of the date of this letter, no later than the day of the hearing.** If the <u>Response to Expedited Revocation Proposal</u> is not received within **the time frames outlined above,** the releasee will have an in-person hearing, and the proposed decision will not be binding on the Commission.

If you have any further questions, please call me at (301) 492-5821, ext. 171

Sincerely,

*Lori Gobble*

Lori Gobble,
Case Operations Assistant

Enclosure



Expedited Revocation Proposal EADY TIMOTHY 08381-007



# Expedited Revocation Proposal

---

**Name:  EADY, TIMOTHY**          **Reg. No:  08381-007**          **DCDC No:  241-088**

---

I.       The Parole Commission has found that you have violated the conditions of your release.

II.      The Commission has found probable cause on the following charges:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Failure to Report to Supervising Officer as Directed


III.           **SALIENT FACTOR SCORE  (SFS-98)**

      **Items**                   **Rules, Scores and Explanations**

**SFS Item A**     **Rule:**   <u>Prior convictions/adjudications (adult or juvenile)</u>
                          None = 3; One = 2; Two or three = 1; Four or more = 0

        **Score:**   SFS Item A = 0

        **Explanation:**  Subject has 5 prior convictions/adjudication

| Date | Offense | Disposition |
|------|---------|-------------|
| 04/26/1989 | Att. Poss. Cocaine | 8/17/89 - 1 year YRA (1-1); MR 4/3/90 |
| 12/01/1991 | Att. Dist. Cocaine | 7/14/92 - 180 days and probation (2-2); revoked 5/5/94 (2-3); 2 to 6 years consecutive |
| 06/19/1992 | Dist. Cocaine | 9/23/93 - 2 to 6 years (3-3); parole 5/6/96; revoked 1/20/98 immediate release (3-3); revoked 4/22/99 (3-4); parole 1/24/02; revoked 1/30/03 (3-5); parole 10/27/03; revoked 7/8/05 (3-6) |
| 07/22/1993 | BRA | 9/30/93 - 100 days consecutive (4-6) |
| 02/03/2005 | Poss. Heroin | 2/24/05 - 30 days (5-6) |

**SFS Item B**     **Rule:**   <u>Prior commitments of more than thirty days (adult or juvenile)</u>
                          None = 2; One or two = 1; Three or more = 0


Expedited Revocation Proposal EADY TIMOTHY 08381-007

**Score:**    SFS Item B =  0

**Explanation:** Subject has  6  commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

**SFS Item C**    **Rule:**    Age at current offense/prior commitments

| | | |
|---|---|---|
| 26 years or more | +3 or less prior commitments | = 3 |
| | +4 prior commitments | = 2 |
| | +5 or more commitments | = 1 |
| 22-25 years | +3 or less prior commitments | = 2 |
| | +4 prior commitments | = 1 |
| | +5 or more commitments | = 0 |
| 20-21 years | +3 or less prior commitments | = 1 |
| | +4 prior commitments | = 0 |
| 19 years or less | +any number prior commitments | = 0 |

**Score:**    SFS Item C =  1

**Explanation:** Subject was  37  years old at the commencement of the current offense and had  6  prior commitments.

**SFS Item D**    **Rule:**    Recent Commitment Free Period *(Three Years)*
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1;   Otherwise = 0

**Score:**    SFS Item D =  0

**Explanation: 04/07/2006** - Date of Current Offense.
04/03/2006 - Release to the Community from last commitment

**SFS Item E**    **Rule:**    Probation/Parole/Supervised Release/Confinement/Escape Status Violator
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**Score:**    SFS Item E =  0

**Explanation:** Subject is a parole/ supervised release violator.

**SFS Item F**    **Rule:**    Older Offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

Expedited Revocation Proposal EADY TIMOTHY 08381-007



**Score:**   SFS Item F =   0

**Explanation:**  Sum of Items A-E =  1   and the offender was 37 years old at the commencement of the current offense.

**TOTAL SALIENT FACTOR SCORE  =   1**

IV.   **Guidelines**
Your violation behavior has been rated Category One severity because it involved Administrative violation(s). Your salient factor score is 1. You have been in DC confinement as a result of your behavior for a total of 3 month(s) as of 03/12/2007.Your Reparole Guidelines, established by Commission, indicate a range of 12 - 16 months to be served.

V.   **Expedited Revocation Proposal**
Your violation behavior makes you eligible to apply for the following expedited procedure. You may, waive your right to revocation hearing, accept responsibility for your conduct, and consent to revocation on the record. If you do so, the Commission will take the action indicated on the attached <u>Response To Expedited Revocation Proposal.</u>

For the Commission to approve your application for this revocation procedure, the U.S. Parole Commission must receive the completed form within 14 days of the date noted on the cover letter. If the completed form is not received within 14 days, a revocation hearing will be held and the proposed action will not be binding on the Commission.

You are under no obligation to apply for the expedited revocation procedure. If you do not wish to waive your right to a revocation hearing and accept the proposed action, please indicate, on the <u>Response To Expedited Revocation Proposal.</u>, that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action. The Commission will not take into account the fact that you chose to have a revocation hearing rather than accept the proposed decision.

## Response To Expedited Revocation Proposal

| | | |
|---|---|---|
| **Name: EADY, TIMOTHY** | **Reg No: 08381-007** | **DCDC No: 241-088** |

### PROPOSED DECISION

**Revoke Parole; None of the time spent on Parole shall be credited. Continue to Presumptive Parole on 02/08/2008 after the service of 14 months.**

**In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.**

**After review of all relevant factors and information presented, a decision outside the guidelines, at this consideration, is not warranted.**

[X]  I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

[ ]  I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

[ ]  I wish to request a 14-day extension to consider this proposal.

_Timothy Eady_                         3-1-07
Signature                              Date

_(signature)_                          3-1-07
Witness                               Date

Expedited Revocation Proposal EADY TIMOTHY 08381-007

## Response To Expedited Revocation Proposal

| Name:  EADY, TIMOTHY | Reg No: 08381-007 | DCDC No: 241-088 |
|---|---|---|

### PROPOSED DECISION

Revoke Parole; None of the time spent on Parole shall be credited. Continue to Presumptive Parole on 02/08/2008 after the service of 14 months.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines, at this consideration, is not warranted.

[X] I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

[ ] I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

[ ] I wish to request a 14-day extension to consider this proposal.

_Timothy Eady_ _____     3-1-07
Signature                                                          Date

_____     3-1-07
Witness                                                            Date

Expedited Revocation Proposal EADY TIMOTHY 08381-007



U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: EADY, Timothy                          Institution: Philadelphia FDC
Register Number: 08381-007
DCDC No: 241-088                             Date:    March 15, 2007

## DC EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Expedited Revocation Proposal you signed on 3/1/2007:

Revoke Parole; None of the time spent on Parole shall be credited. Continue to Presumptive Parole on 02/08/2008 after the service of 14 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Failure to Report to Supervising Officer as Directed

Basis for above-stated finding(s): Your acceptance of responsibility for the violation(s) and your agreement to accept revocation.

## REASONS:

Your violation behavior has been rated Category One severity because it involved Administrative violation(s). Your salient factor score is 1 (see attached sheet). You have been in DC confinement as a result of your behavior for a total of 3 month(s) as of 03/12/2007. Guidelines established by Commission,

GOVERNMENT
EXHIBIT
5

indicate a range of 12 - 16 months to be served. After review of all relevant factors and information presented, a decision outside the guidelines, at this consideration, is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.



Cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        SAINT/HIDTA, Team 33
        CSOSA
        300 Indiana Avenue, N.W., Rm 2100
        Washington, D.C. 20001

        S. McAroy-Gray
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: David Baldwin

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time.<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0. |
| 0 | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 1 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

| Points For SFS Item C | | | |
|---|---|---|---|
| | | | |



Queued: 03-15-2007 10:29:05 BOP-Philadelphia FDC | BOP-D.C. Federal Billing Unit | USPO-SAINT/HIDTA-Team 33, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY ROY EADY,** ) | |
| ) | |
| **Petitioner** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-478 (JR)** |
| ) | |
| **WARDEN STEVEN A. SMITH,** ) | |
| ) | |
| **Respondent** ) | |

## <u>ORDER</u>

Upon consideration of the petitioner's Petition For A Writ Of Habeas Corpus, submitted

<u>pro se</u> on March 14, 2007, and the United States' Opposition To Petitioner's Petition For A Writ

Of Habeas Corpus, filed May 25, 2007, it is this ____day of _____, 2007, hereby:

ORDERED that the Petition For A Writ Of Habeas Corpus is denied for the reasons

stated in the United States' Opposition.

SO ORDERED.

_____
United States District Judge

<u>Copies to:</u>

Thomas S. Rees
Assistant United States Attorney
555 Fourth Street, N.W.
Special Proceedings Division, Room 10-443
Washington, D.C.  20530

Mr. Timothy Eady
DC/DC # 241-088
Fed. Reg. # 0831-007
1901 "D" Street, S.E.
Washington, D.C. 20003

Office of the Attorney General
District of Columbia
John A. Wilson Bldg.
1350 Pennsylvania Avenue, N.W.
Suite 407
Washington, D.C. 20004